UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAM MINH NGUYEN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO.  C07-1756-RSM-MJB<br>(CR04-486-RSM)<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner, proceeding *pro se*, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 1). Respondent has filed a response to the motion and petitioner has filed a reply. (Dkt. No. 6 & 12). Having reviewed the submissions of the parties, and the balance of the record, the Court concludes that petitioner's § 2255 motion should be denied.

## BACKGROUND

Following a jury trial, petitioner was convicted on four drug-related charges, including conspiracy to import ecstasy, importation with intent to distribute, and two counts of possession with intent to distribute. *See United States v. Nguyen*, Case No. 05-30508 (Memorandum Disposition, June 6, 2007); (Dkt. No. 6, Ex. 1). The evidence at trial included drugs found in the car and apartment that petitioner shared with his estranged wife, Hoang Vo. (Dkt. No. 6 at 4-7). During trial, the government introduced evidence that although drugs were

REPORT AND RECOMMENDATION
PAGE – 1

found in these two locations, "neither [petitioner's] nor Vo's fingerprints were found on the drug packaging materials." (*Id*. at 11).

On October 21, 2005, the district court sentenced petitioner to 90 months in prison, followed by 36 months of supervised release. (*Id*. at 3). Petitioner appealed to the Ninth Circuit Court of Appeals and on June 6, 2007, the Ninth Circuit affirmed petitioner's conviction and sentence. *See United States v. Nguyen*, Case No. 05-30508 (Memorandum Disposition, June 6, 2007); (Dkt. No. 6, Ex. 1).

On October 31, 2007, petitioner filed the instant § 2255 motion. (Dkt. No. 1). On December 20, 2007, the government filed a response. (Dkt. No. 6). Petitioner filed an untimely reply on January 16, 2008. (Dkt. No. 12). However, because petitioner is incarcerated and proceeding *pro se*, the Court will consider his reply. Accordingly, the matter is now ready for review.

## GROUNDS FOR RELIEF

Petitioner lists the following grounds for relief in his § 2255 motion:

1. Violation of Fifth and Sixth Amendment Rights, to deny the Admittance of Relevant Evidence.

2. Ineffective Assistance of Counsel

(Dkt. No. 1 at 4).

## DISCUSSION

Petitioner's first ground for relief is supported solely by his assertion that petitioner "was not allowed to introduce into evidence any fingerprint evidence that was relevant to this case." (Dkt. No. 1 at 4). Although petitioner does not specify which fingerprint evidence he was barred from introducing, respondent suggests that petitioner is referring to the absence of fingerprints on the drugs found in petitioner's car and apartment. (Dkt. No. 6 at 12). However, as respondent points out, petitioner's claim that he was barred from introducing such evidence is contrary to the record. Indeed, petitioner *objected* to the prosecutor's introduction of such evidence at trial. (*Id*.)

REPORT AND RECOMMENDATION
PAGE – 2

1  Petitioner points to nothing in the record that suggests that he attempted to introduce other
2  fingerprint evidence, or that the district court prevented him from doing so.  [1]  Therefore,
3  petitioner's first ground for relief should be denied.

4  As support for his second ground for relief – ineffective assistance of counsel – petitioner
5  asserts only that "[c]ounsel was barred from arguing such a lack of evidence during closing
6  arguments." (Dkt. No. 1 at 4).  Here, it appears that petitioner is referring to the district court's
7  ruling that barred defense counsel from arguing during closing argument that the lack of
8  fingerprint evidence should lead to an acquittal.  As respondent points out, this ruling cannot form
9  the basis of a claim that counsel was ineffective because counsel attempted to make an argument
10  based on the lack of fingerprint evidence, but was prevented from doing so by the district court.
11  Essentially, then, petitioner's second ground for relief challenges the district court's ruling and
12  not counsel's performance.

13  However, petitioner has already challenged the district court's ruling in his direct appeal.
14  In rejecting this challenge, the Ninth Circuit reasoned as follows:

> First, the district court did not abuse its discretion in sustaining the
> government's objection to defense counsel's closing argument regarding the lack
> of fingerprint evidence.  Although defense counsel could have properly argued
> that the lack of fingerprint evidence weakened the government's case" and
> supported a finding of reasonable doubt, it was improper for counsel to raise the
> issue in the context of an argument that "suggest[ed] negative, speculative
> inferences about the reliability of police investigative practices." *United States
> v. Thompson*, 37 F.3d 450, 454 (9th Cir. 1994).  Moreover, given that the defense
> was otherwise permitted to extensively argue its "lack of evidence" theory and the
> lack of fingerprint evidence was but one part of that broader argument, any
> claimed error in limiting counsel's summation was harmless.

21  *See United States v. Nguyen*, Case No. 05-30508 (Memorandum Disposition, June 6, 2007); (Dkt.
22  No. 6, Ex. 1 at 2).

23  Because petitioner raised this argument on his direct appeal, he is precluded from raising it

---

[1] Petitioner's untimely reply (Dkt. No. 12), is an unexplained compendium of miscellaneous documents that bears petitioner's handwritten notes in the margins and displays little or no discernible relevance to the claims he raises here.

REPORT AND RECOMMENDATION
PAGE – 3

here. *See Odom v. United States,* 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion."). Accordingly, petitioner's second ground for relief should be denied.

## CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's § 2255 motion be denied and this action be dismissed. No evidentiary hearing is necessary because the record conclusively shows that petitioner is not entitled to relief. *See* 28 U.S.C. § 2255; *Miller v. United States*, 339 F.2d 704 (9th Cir. 1964). A proposed Order accompanies this Report and Recommendation.

DATED this 12th day of February, 2008.

/s/ M. Benton
_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 4